## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16-CR-114 |
| vs. | |
| MICHAEL GRAEF, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected to the application of two sentencing enhancements. Filing 46.

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)  impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)  impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)  depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.     There are no motions that require resolution at sentencing. The defendant objects to the presentence investigation report, arguing that the four-level enhancements to the offense conduct required by U.S.S.G. § 2K2.1(b)(4)(B) and (6)(B) do not apply. Filing 46. Under § 2K2.1(b)(4)(B), a four-level enhancement applies if the defendant possessed a firearm with "an altered or obliterated serial number." A separate four-level enhancement applies under § 2K2.1(b)(6)(B) when the defendant uses or possesses a firearm in connection with another felony offense. In the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia, application of subsection (b)(6)(B) is warranted because the presence of the firearm has the potential of facilitating another felony offense. § 2K2.1(b)(6)(B), cmt. n.14; *see United States v. Sneed*, 742 F.3d 341, 343-44 (8th Cir. 2014).[1]

The defendant contends that he has not received information indicating that the serial number on the short-barreled 12-gauge shotgun was removed. He also argues that he did not possess the shotgun in connection with his sale of methamphetamine.

The burden is on the government to prove the factual basis for a sentencing enhancement by a preponderance of the evidence. *United States v. Peroceski*, 520 F.3d 886, 889 (8th Cir. 2008). Because the defendant objects to factual allegations on which the government has the burden of proof, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Accordingly, the Court will resolve the defendant's objections based upon the evidence presented at sentencing.

---

[1] Although it is not absolutely required, the Eighth Circuit "strongly encourage[s] district courts to make clear they are applying the proper § 2K2.1(b)(6)(B) standard" by explicitly finding, before applying the adjustment, that the weapon facilitated the drug offense. *Sneed*, 742 F.3d at 344.

3.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 23rd day of August, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge